UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 21-00116-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BUSCH SEREAL (01) | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the Court are two Motions filed by Defendant Busch Sereal ("Sereal"). The first is a Motion for Sentencing Hearing in Light of the February 14, 2024 Vacated Revocation of his 1996 Aggravated Battery. See Record Document 73. The second is a Motion for Ruling on the Motion for Resentencing Hearing. See Record Document 74. The United States of America ("the Government") filed an opposition to both Motions. See Record Document 75. For the reasons stated below, both Motions are **DENIED**.

On March 28, 2023, this Court sentenced Sereal to 120-months' imprisonment and three years of supervised release. See Record Document 61. His appeal to the Fifth Circuit, which was timely filed on April 3, 2023, is currently pending. See Record Document 63; see also Record Document 75 at 1–2.

In Sereal's first Motion, he argues his federal case should be reopened, his 120-month imprisonment sentence should be vacated, and the Court should schedule a resentencing hearing. See Record Document 73 at 1. He provides several arguments to support his Motion. First, on February 14, 2024, the 15th Judicial District Court Judge vacated his probation revocation sentence; thus, he asserts the three criminal history points assessed to him are no longer applicable. See Record Document 73 at 2.

Furthermore, he contends his criminal history category should be lowered from five to four, yielding a new guideline range of 70 to 87 months' imprisonment. See id. at 3. Second, Sereal submits his "prior conviction for Distribution of Cocaine in which he was assessed three Criminal History Points occurred when he was 21 years old, and a further 'downward variance' in light of his meritorious post-rehabilitation efforts" is warranted. See id.

In his second Motion, Sereal requests the court to "enter an Indicative Ruling as to his attached Motion for Resentencing Hearing…." See Record Document 74 at 1. He argues that in light of his recently vacated revocation of the 1996 aggravated battery, the Court can grant him relief even though his appeal is pending in the Fifth Circuit. See id. at 2. The Court has three options: (1) defer consideration of the Motion, (2) deny the Motion, or (3) state either that it would grant the Motion if the Fifth Circuit remands for that purpose or that the Motion raises a substantial issue. See id. Sereal asserts the Court should choose option three. See id.

In its opposition, the Government submits that the Court lacks the jurisdiction necessary to grant Sereal the relief which he seeks. See Record Document 75 at 1. Additionally, the Government argues that the issue raised by Sereal in his first Motion was not raised in his appeal to the Fifth Circuit. See id. at 2. On appeal, he raises two issues: (1) the constitutionality of 18 U.S.C. § 922(g)(1) post-Bruen and (2) whether Louisiana aggravated battery is a crime of violence post-Borden. See Record Document 75-2 at 4. The Government asserts that the issue raised by Sereal in the instant Motions concern the timing of his conviction for aggravated battery for criminal history points purposes. See Record Document 75 at 2.

The Government notes that a district court cannot modify a term of imprisonment once it has been imposed unless the motion is for compassionate release, citing 18 U.S.C. § 3582(c)(1)(A), the motion is made pursuant to Federal Rule of Criminal Procedure 35 for substantial assistance or a clerical error, citing 18 U.S.C. § 3582(c)(1)(B), or the motion is made pursuant to a term of imprisonment based on a sentencing range that has substantially been lowered by the Sentencing Commission, citing 18 U.S.C. § 3582(c)(2). See id. The Government states that none of these avenues of relief reflect what Sereal currently seeks. See id. at 2–3. Even if he is successful on his appeal, the Government argues a remand would not address the state court's vacated revocation because the issue has not been mentioned by the Fifth Circuit, Sereal, or the Government. See id. at 3. Thus, the Government submits the two Motions should be denied. See id.

The Court agrees that Sereal's 120-month term of imprisonment cannot be modified because none of the avenues of relief under 18 U.S.C. § 3582(c) have been triggered. Moreover, even if the Fifth Circuit remands to this Court, the two issues on appeal address different questions than the one posed in the instant Motions. This Court's denial of Sereal's Motions will not negatively affect nor hinder his pending appeal.

Therefore, for the reasons stated above,

**IT IS ORDERED** that both Motions (Record Documents 73 & 74) are hereby **DENIED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 27th day of January, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE